UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

AL MAYA TRADING ESTABLISHMENT,

                              Petitioner,

v.

GLOBAL EXPORT MARKETING CO., LTD.,

          Respondent.

Civ. Case No. 1:16-cv-02140

RESPONDENT GLOBAL EXPORT
MARKETING CO., LTD.'S ANSWER
TO AL MAYA'S PETITION FOR AN
ORDER CONFIRMING MARCH 4,
2016 ARBITRATION FINAL AWARD

          Respondent Global Export Marketing Co., Ltd. ("GEMCO"), by way of answer to the

petition of petitioner Al Maya Trading Establishment (AMTE), says:

          1.          Answering paragraph 1, GEMCO admits the first two sentences and denies the

allegations of the third sentence.

          2.          Answering paragraph 2, GEMCO admits the first three sentences.  As to the

fourth sentence, GEMCO states there was limited discovery, which took place over a two and

one-half month period, and otherwise admits the allegations of the fourth sentence.  GEMCO

admits the allegations of the fifth and sixth sentences and the citation to the sixth sentence.

GEMCO denies the allegations of the seventh sentence.

                              AS TO THE PARTIES

          3.          GEMCO admits the first sentence and denies the second sentence of paragraph 3.

          4.          GEMCO admits the allegations of paragraph 4.

                              AS TO JURISDICTION

          5.          GEMCO admits the allegations of paragraph 5.

          6.          GEMCO admits the allegations of paragraph 6.

          7.          GEMCO admits the allegations of paragraph 7.

49999

8.      GEMCO admits the allegations of paragraph 8.

AS TO VENUE

9.      GEMCO admits the allegations of paragraph 9.

10.     GEMCO admits the allegations of paragraph 10.

11.     GEMCO admits the allegations of paragraph 11.

12.     GEMCO admits the allegations of paragraph 12.

AS TO PROCEEDINGS TO COMPEL ARBITRATION BEFORE JUDGE ENGELMAYER

13.     GEMCO admits the allegations of paragraph 13 except it denies it breached any agreement.

14.     Answering paragraph 14, as to the first sentence GEMCO states that it entered into a stipulation regarding the Agency Agreement.  As to the second sentence, it states a company partially owned by the party owning GEMCO at a certain point agreed to sell Diamond aluminum foil only through AMTE in Dubai.  Except as so stated, GEMCO denies the allegations of paragraph 14.

15.     Answering paragraph 15, GEMCO refers to the Agency Agreement for its contents; admits that AMTE was GEMCO's exclusive distributor of American Garden products in the United Arab Emirates from in or about 2003-2004 until the fall of 2013; and it states a company partially owned by the party owning GEMCO at a certain point agreed to sell Diamond aluminum foil only through AMTE in the United Arab Emirates.  Except as so referenced, admitted, and stated, GEMCO denies the allegations of paragraph 15.

16.     GEMCO denies the allegations of paragraph 16.

17.     GEMCO admits the allegations of paragraph 17 except it denies the allegation in the second sentence that it "did not respond to the demand."  Except as so admitted, GEMCO

2

denies the allegations of paragraph 17.

18.     GEMCO admits the allegations of paragraph 18.

19.     GEMCO admits that it moved to dismiss Al Maya's Petition to Compel Arbitration.  It denies that the quote to the Motion to Dismiss is accurate.  The Motion to Dismiss alleged, "Global asserts that the alleged 1999 agreement is a complete fabrication and that Global never had a written agreement with any Al Maya entity, and certainly none with Al Maya Trading Establishment."  Index No. 1:14-cv-00275-PAE, Dkt. 24 (Motion to Dismiss).

20.     GEMCO admits paragraph 20 and further states that the court denied the parties' motions for summary judgment.

21.     GEMCO admits the allegations of the first two sentences of paragraph 21.  As to the third sentence, GEMCO states that the court denied the parties' motions for summary judgment and ruled that a jury would have to decide the issue of authenticity.  Except as so admitted and stated, GEMCO denies the allegations of the third sentence.

22.     Answering paragraph 22, GEMCO states that the litigation was assuming a life of its own and GEMCO therefore agreed to arbitrate the matter; and GEMCO refers to the parties' stipulation dated August 25, 2014, so ordered on August 27, 2014, for its contents.  Except as so stated and referenced, GEMCO denies the allegations of paragraph 22.

23.     Answering paragraph 23, GEMCO states that the litigation was assuming a life of its own and therefore agreed to arbitrate the matter; and GEMCO refers to the parties' stipulation dated August 25, 2014, so ordered on August 27, 2014, for its contents.  Except as so stated and referenced, GEMCO denies the allegations of paragraph 23.

<u>AS TO THE ARBITRATION AND AWARD</u>

24.     GEMCO admits the allegations of paragraph 24.

25.     GEMCO admits the allegations of paragraph 25.

26.     GEMCO admits the allegations of the first sentence of paragraph 26.  As to the second sentence, GEMCO states that the three identified arbitrators were from the identified law firms.  GEMCO admits the allegations of the third sentence.  Except as so admitted and stated, GEMCO denies the allegations of paragraph 26.

27.     GEMCO admits the allegations of paragraph 27.

28.     Answering paragraph 28, GEMCO admits the first sentence; as to the second sentence GEMCO states there was limited discovery, which took place over a two and one-half month period; as to the third sentence, GEMCO states that the parties submitted several discovery disputes to the panel, on which it ruled in writing.  Except as so admitted and stated, GEMCO denies the allegations of paragraph 28.

29.     GEMCO admits the allegations of paragraph 29.

30.     GEMCO admits the allegations of paragraph 30.

31.     GEMCO admits the allegations of paragraph 31.

32.     Answering paragraph 32, GEMCO states that the panel heard closing arguments on January 12, 2016.  Except as so stated, GEMCO denies the allegations of paragraph 32.

33.     GEMCO admits the allegations of paragraph 33.

34.     Answering paragraph 34, GEMCO refers to the March 4, 2016 arbitration Final Award for its contents.  Except as so referenced, GEMCO denies the allegations of paragraph 34.

35.     Answering paragraph 35, GEMCO refers to the March 4, 2016 arbitration Final Award for its contents.  Except as so referenced, GEMCO denies the allegations of paragraph 35.

36.     Answering paragraph 36, GEMCO refers to the March 4, 2016 arbitration Final Award for its contents.  Except as so referenced, GEMCO denies the allegations of paragraph 36.

37.        GEMCO admits the allegations of paragraph 37.

### AS TO COUNT I

38.        Answering paragraph 38, GEMCO refers to its responses to the allegations to which AMTE refers.  Except as so referenced, GEMCO denies the allegations of paragraph 38.

39.        GEMCO admits the allegations of paragraph 39.

40.        GEMCO admits the allegations of paragraph 40.

41.        GEMCO admits the allegations of paragraph 41.

42.        GEMCO admits the allegations of paragraph 42.

43.        GEMCO admits the allegations of paragraph 43.

44.        GEMCO denies the allegations of paragraph 44.

45.        GEMCO denies the allegations of paragraph 45.

46.        GEMCO denies the allegations of paragraph 46.

### AFFIRMATIVE DEFENSE

47.        For the reasons set forth in GEMCO's cross petition for the vacating of the March 4, 2016 arbitration Final Award, the court should vacate in its entirety the March 4, 2016 arbitration Final Award.

WHEREFORE, respondent cross-petitioner Global Export Marketing Co., Ltd. demands judgment:

A.        Dismissing in its entirety the petition of Al Maya Trading Establishment;

B.        Granting Global Export Marketing Co., Ltd.'s cross-petition vacating in its entirety the March 4, 2016 arbitration Final Award.

C.      Granting such other relief as is just and proper.

Dated: New York, New York
        April 29, 2016                    By:      NORRIS MCLAUGHLIN & MARCUS, P.A.

                                                   /s/ Ami Bhatt
                                                   Melissa A. Peña
                                                   Ami Bhatt
                                                   Joseph J. Fleischman*
                                                   Saleem Mawji*
                                                   875 Third Avenue, 8th Floor
                                                   New York, New York 10022
                                                   Tel.: (212) 808-0700
                                                   Fax: (212) 808-0844
                                                   Attorneys for *Respondent*,
                                                   Global Export Marketing Co., Ltd.

                                                   *Pro Hac Admission Pending*